Conway B, J. It appears from the record in this case, that Rogers, the plaintiff, was employed by Mary Terbush (wife of Peter F. Terbush) to erect, in "this city, a two-story frame building; that after its completion, Rogers duly filed his account for the purpose of availing himself of the mechanics’ lien act, and sued out scire facias against said Mary and others to enforce the lien. The act gives no lien, unless the materials be furnished or labor done under contract or agreement, and there cán be no contract or agreement without the mutual assent of two or more persons competent to contract; the competency of the parties being indispensable to its legal existence. If either party be incapacitated, the contract or agreement is futile and unavailing. 2 Blaclcstone Com. 442. Chitty on Contracts, 4, 5, and 29. Marriage suspends or merges the legal existence of the woman, and, during coverture, she must perform everything under the wing and protection of her husband. 1 Black. Com. 442. As, therefore, Mary Terbush was a feme»covert, when the alleged contract was made with her, and wholly incapable of making a contract or agreement, it was entirely nugatory as to her, and ho legal lien could be based upon it. Terbush’s frequent protracted absence, and the practice of his wife to transact business as a feme sole, did not remove her disability, unless indeed her husband was dead in law, which is not pretended in this case. Vide Chitty on contracts, 40-1. The judgment of the Circuit Court is, therefore, affirmed.